1
2
3
4
5
6
7

8                          UNITED STATES DISTRICT COURT

9                        SOUTHERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERIA,                  Case No.:  12cr509-CAB-1

12                                Plaintiff,
                                               **ORDER DENYING DEFENDANT'S**
13    v.                                        **MOTION FOR SENTENCE**
                                               **REDUCTION UNDER**
14    ANABEL OCEGUEDA,                          **AMENDMENT 782 [Doc. Nos. 39, 41,**
                                               **44]**
15                                Defendant.

16

17        Before the Court is defendant Anabel Ocegueda's motion under 18 U.S.C. §

18    3582(c)(2) for a reduction in the term of imprisonment imposed based on the reduction of

19    the relevant guideline sentencing range, made retroactive pursuant to 28 U.S.C. §994(u).

20    [Doc. Nos. 39, 41, 44.]

21        Having considered the motion, the government's response to the defendant's

22    motion [Doc. No. 48],  the sentence imposed and the policy statement set forth in USSG

23    §1B1.10, the motion is DENIED.

24        On June 1, 2012, the Court sentenced the defendant to a custodial term of 168

25    months for importation of 14.56 kilograms of methamphetamine (mixture). [Doc. No. 25,

26    26.]  The 2011 U.S. Sentencing Commission Guidelines Manual ("USSG") was used to

27    calculate the defendant's guideline range.  The base offense level was determined to be

28    36. USSG § 2D1.1(c)(2).  A 2 level specific offense characteristic increase was added as

                                               1

the offense involved the importation of methamphetamine. USSG §2 D1.1(b)(5). On the government's motion, the Court then applied a 3 level downward adjustment for acceptance of responsibility, USSG § 3E1.1(b), resulting in an adjusted offense level of 35. The defendant was determined to be a career offender with a resulting Criminal History Category of VI. USSG § 4B1.1. Applying her adjusted base offense level of 35 to a Category VI, the defendant's guideline range was calculated to be 292-365 months.

The Government and defendant moved for a downward departure of 4 levels pursuant to the Early Disposition Program, USSG §5K3.1, and a downward departure of one Criminal History Category to a V, pursuant to USSG § 4A1.3(b)(3)(A). The Court granted those departures and recalculated the defendant's offense level to a 31 at Criminal History Category V, resulting in a guideline range of 168-210 months. After considering the other sentencing factors under 18 U.S.C. § 3553(a), the Court sentenced the defendant to 168 months, the low end of the range.

On November 1, 2014, Amendment 782 amended USSG § 2D1.1 by reducing the offense levels associated with quantities of narcotics by two levels. The Amendment was retroactive. 28 U.S.C. §994(u). The defendant's sentence, based on a sentencing range that was subsequently amended, is therefore eligible for modification consistent with USSC § 1B1.10. *See* 18 U.S.C. §3582(c)(2).

USSG §1B1.10 prohibits courts from reducing a defendant's term of imprisonment under 18 U.S.C. §3582(c)(2) to a term that is less than the minimum of the amended guideline range. *See U.S. v. Tercero*, 734 F.3d 979, 981 (9th Cir. 2013). Amendment 782 reduced the defendant's base offense level to a 34. After the specific offense characteristic and acceptance of responsibility adjustments, the defendant's amended adjusted base offense level was 33. Applied to a Criminal History Category VI, her resulting amended guideline range was 235-293 months, well in excess of her 168 month sentence. The defendant is therefore not eligible for a sentencing modification. *Tercero*, 734, F.3d at 980-82; *U.S. v. Bishop,* 677 Fed. Appx. 409 (9th Cir. 2017) (the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. §3582(c)(2)

12cr509-CAB-1

and USSG §1B1.10(b)(2)(A) to a term that is less than the minimum of the amended guideline range).

The defendant however argues that her amended guideline range should properly include both the Court's Criminal History Category and Early Disposition Program departures. This would result in a base offense level of 29 at a Criminal History Category V and a guideline range of 140-175 months. She therefore moves the Court for a reduction of her sentence to 140 months, the low end of that range.

The Ninth Circuit rejected the argument that an Early Disposition departure, USSG USSG §5K3.1, is properly included in the calculation of the amended guideline. *Bishop,* 677 Fed. Appx. at 409; *United States v. Aragon-Rodriquez*, 624 Fed. Appx. 542 (9th Cir. 2015). Further defendant's incorporation of the Court's departure under USSG 4A1.3(b)(3)(A) for overstated criminal history in her amended guideline calculation is made without any justification or analysis.[1] The only departure the Court is authorized to properly consider in an amended guideline calculation is substantial assistance departure under USSG 5K1.1, which was not at issue in this case. USSG §1B1.10(b)(2)(B). The defendant's proposed amended calculation is therefore rejected and Court finds that no reduction is required or warranted. The Motion for a Sentence Reduction is DENIED.

IT IS SO ORDERED.

Dated: January 25, 2019

_____
Hon. Cathy Ann Bencivengo
United States District Judge

---

[1] Even if the Court applied the Criminal History departure in the amended guideline calculation, the defendant's amended offense level of 33 at a Criminal History Category V is 210-262 months, still well in excess of her 168 month sentence.

12cr509-CAB-1