UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>ANABEL OCEGUEDA,<br><br>                                Defendant. | Case No.: 12cr0509-CAB<br><br>Order Denying Motion To Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)<br>[Doc. No. 62] |

Before the Court is defendant Anabel Ocegueda's motion to reduce her sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A). [Doc. No. 27.]  The government filed an opposition to the motion. [Doc. No. 67.]  The defendant filed a reply. [Doc. No. 71.]

I.  Procedural Background

On January 8, 2021, the defendant filed a motion requesting reduction in sentence to time served.  A court may grant a defendant's own motion for a modification of sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the BOP to bring a motion on the defendant's behalf" or after 30 days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).

On August 5, 2020, the defendant submitted a request to the warden for compassionate release based on her health status and the potential for life-threatening complications should she contract the COVID-19 virus while in custody. [Doc. No. 62-1,

at 21.[1]] Defendant's request was reviewed and denied on December 10, 2020. [Id., at 23.] Although there is no record that the defendant appealed the denial, over 30 days have expired since the defendant submitted her request to the warden, therefore Court finds the defendant has exhausted administrative remedies and the Court may consider her motion on the merits. As the movant, the defendant bears the burden to establish that she is eligible for a sentence reduction. *United States v. Varnado,* 2020 WL 2512204, at *1 (S.D. Cal., May 15, 2020); *United States v. Holden*, 452 F.Supp.3d 964, 969 (D. Or. 2020).

Court finds the motion suitable for determination on the papers. For the reasons set forth below, the motion is denied.

II.  Case Background

On March 15, 2012, the defendant entered a guilty plea to one count of importation of methamphetamine, in violation of 21 U.S.C. §§ 952, 960. [Doc. No. 17.] The defendant was arrested at the San Ysidro Port of Entry on January 13, 2012 after methamphetamine (14.56 kilograms) was discovered in the vehicle she was driving. The offense was subject to a mandatory minimum 120-month sentence. [Id.]

The defendant had two prior convictions in 2007 and 2008 for importation of controlled substances (marijuana) in violation of 21 U.S.C. §§ 952, 960. [Doc. No. 21, at 6-7.]  She was on supervised release in this District at the time of the 2012 offense.[2] Defendant was classified as a Career Offender, USSG §4B1.1, placing her in criminal history category VI. [Doc. No. 21, at 7.] The defendant was not eligible for relief from the statutory mandatory minimum custodial sentence of 120 months. The government recommended certain departures resulting in a guideline range of 168-210 months and advocated for a low-end custodial sentence of 168 months. [Doc. No. 22.] Defendant requested a custodial sentence at the mandatory minimum, 120 months. [Doc. No. 24.]

---

[1] Document numbers and page references are to those assigned by CM/ECF for the docket entry.
[2] The defendant was sentenced by the Hon. Roger Benitez to 18 months of custody consecutive to any sentence in this case for the supervised release violation. Case No. 08cr3140, Doc. No. 35. Defendant has also filed a motion for sentence reduction in Case No. 08cr3140, Doc. No. 37.

On June 1, 2012, the court sentenced the defendant to the 168 months in the custody of the Bureau of Prisons (BOP), followed by a five-year term of supervised release. [Doc. Nos. 25, 26.] At this time, defendant has completed approximately two-thirds of her term of incarceration in this case.[3]

This was the defendant's third conviction for the importation of controlled substances. She committed two of the importation offenses while on federal supervision for a previous importation offense. The court sentenced the defendant to the low end of the guidelines, finding it an appropriate sentence balancing the defendant's personal history and characteristics, her repeat offenses regarding drug importation and the seriousness of this offense. Considering all the §3553(a) factors, the sentence provided adequate punishment, deterrence and protection for the public. [Doc. No. 25.]

III. Compassionate Release Considerations

In general, a federal court cannot modify a term of imprisonment once it has been imposed. 18 U.S.C. § 3582(c). However, a court may modify or reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), if the court finds (1) that "extraordinary and compelling reasons" justify the reduction; (2) the defendant is not a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g); and (3) that the reduction is consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A)(i).

The defendant's circumstances do not meet the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) as set forth in the policy statement. See USSG §1B1.13. She does not have a terminal illness. *Id.*, cmt. n. 1(A)(i). She is not suffering from (1) a serious physical or medical condition, (2) serious functional or cognitive impairment, or (3) deteriorating physical or mental health because of the aging process, that substantially diminishes her ability to provide self-care within the environment of a

---

[3] As referenced above in fn. 2, defendant is still subject to a consecutive term of 18 months.

correctional facility and from which she is not expected to recover. *Id.* cmt. n.1 (A)(ii). Although the defendant is receiving treatment for certain medical conditions, she has not indicated in her motion that she requires assistance with her self-care.

The defendant argues that USSG §1B1.13, cmt. n. 1 (D), which provides the court may find an extraordinary and compelling reason to reduce a defendant's sentence other than those described in subdivisions discussed *supra*, applies in her personal circumstances.

The defendant argues that she has health conditions, specifically obesity and hypertension, that make her particularly vulnerable to severe complications should she contract the COVID-19 virus in custody and therefore her situation is extraordinary, justifying the requested sentence modification to time served.

The defendant has a documented history of hypertension, which is controlled with medication. The defendant's medical records reflect that she is monitored and treated for her hypertension and that it is managed. Defendant also claims her Body Mass Index is now 31.5, which classifies her as obese (BMI of 30 or greater). Although these are risk factors identified by the Centers for Disease Control that may cause COVID-19 complications, she has not demonstrated that her health conditions are extraordinary.

The defendant is 41 years old. She has a history of melanoma and requires medication for hypothyroidism, however she does not contend that either of these conditions increase her risk for severe complications should she contract the COVID-19 virus. Hypertension is a risk factor for COVID-19 complications, however the defendant's medical records reflect a condition that is treated and under control.

As for the defendant's weight, the defendant's classification in the obese category also does not make her circumstances extraordinary. There is no indication that her excess weight has caused any additional medical issues or has had an adverse effect on her overall health. *See, e.g., United States v. Gordon*, 2020 WL 3971012 at *3 (E.D. Mich. July 14, 2020) (when 42.4% of American adults are obese and additional 32% are overweight, being mildly obese is not so extraordinary that injustice would result if the relief is not granted).

The defendant's circumstances do not rise to the level of being extraordinary and compelling.

IV. Conclusion

The court finds that the defendant has not established that her circumstances meet the "extraordinary and compelling reasons" consistent with applicable policy statements issued by the Sentencing Commission for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The defendant does not qualify for a reduction in her sentence.

Defendant's Motion is **DENIED**.

IT IS SO ORDERED.

Dated: January 27, 2021

Hon. Cathy Ann Bencivengo
United States District Judge